BIAL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—INJURIES TO PASSENGERS—FACT OF ACCIDENT—EVIDENCE.

In an action for injuries to a passenger on a street car, evidence of defendant *held* insufficient to repel plaintiff's evidence as to the fact of the happening of the accident.

2. SAME—DAMAGES.

Where, in an action for injuries to a passenger, plaintiff claimed that he suffered from varicocele as the result of the accident, and plaintiff's physician testified that, though varicocele was not ordinarily of traumatic origin, it was so in about 10 per cent. of the cases, and he was corroborated by defendant's expert, who fixed the proportion of such instances at 5 per cent., the testimony warranted a conclusion that plaintiff's condition was attributable to injuries sustained in the accident.

Appeal from City Court of New York, Trial Term.

Action by Isidore Bial against the Interurban Street Railway Company. From a judgment of the New York City Court in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Action for personal injuries alleged to have resulted to the plaintiff through the negligence of the defendant's driver in starting his car while the plaintiff was in the act of boarding it.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Abraham Oberstein, for respondent.

BISCHOFF, J. The contentions of the defendant, that the verdict is against the weight of the evidence, and that the trial court erred in its refusal to withdraw varicocele, a varicose condition of the veins of the scrotum, as an element of the plaintiff's injuries from the jury's consideration, are totally devoid of gravity.

The plaintiff testified to the fact of the accident, and was corroborated by the testimony of three persons, eyewitnesses to the occasion. This was met by the defendant with the testimony of its accident clerk, who said that the plaintiff's physician, Dr. Saphir, told him that the accident happened upon car No. 25, and by the testimony of the driver and conductor of car No. 25, two passengers, and a police officer, all

to the effect that these witnesses did not see any accident upon that car. Dr. Saphir was not shown to have had any personal knowledge of the accident. Neither did it appear that his report to the accident clerk, in that respect, proceeded from any statement of the plaintiff to him. Obviously, therefore, with the rejection of the accident clerk's testimony as to the identity of the car, the plaintiff's case was in no sense repelled.

The plaintiff testified that prior to the accident he did not suffer from varicocele, and, according to Dr. Saphir's testimony, this condition did not become apparent until a day or two after the accident. Dr. Saphir further testified that, while varicocele is not ordinarily of traumatic origin, it is so in about 10 per centum of the cases, and in this he was corroborated by Dr. Benedict, a witness for the defendant, who testified that varicocele might result from injuries, but fixed the proportion of such instances at about 5 per centum of all the cases. Argument appears to be unnecessary to demonstrate that this testimony warranted a conclusion that the plaintiff's condition was attributable to injuries sustained in the accident complained of.

Judgment and order affirmed, with costs. All concur.